Adrian M. Requena #48877

United States District Court
For the District of Kansas

| | |
|---|---|
| Adrian Michael Requena,<br>Plaintiff, | Case No. 13-cv-3043-SAC |
| vs.<br>Ray Roberts, et al,<br>Defendants. | Motion For Leave<br>to File an<br>Amended Complaint |

Plaintiff, Adrian M. Requena, pursuant to Rules 15(a) and 19(a) Fed. R. Civ. P., request leave to file an amended complaint.

1. Plaintiff in his original complaint failed to name several defendants that he believes were directly involved in the violation of our constitutional rights. Listed below are the names of additional defendants that Plaintiff wish to add to his complaint along with the original defendants.

   (i) Defendant, Ray Roberts is a citizen of Topeka, KS, and is employed as Secretary

1.

of Corrections. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Ray Roberts was/is acting in his individual and official capacity.

(ii) Defendant, Sam Cline, is a citizen of Hutchinson, Kansas, and is employed as Warden. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Sam Cline was/is acting in his individual and official capacity.

(iii) Defendant, Berry Larson, is a citizen of Hutchinson, Kansas, and is employed as Deputy Warden. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Berry Larson was/is acting in her individual and official capacity.

(iv) Defendant, James Reeves, is a citizen of Hutchinson, Kansas, and is employed as Major. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. James Reeves was/is acting in his individual and official capacity.

(v) Defendant, Thomas L. Williams, is a citizen of Hutchinson, Kansas, and is employed as Unit Team Manager. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Thomas L. Williams was/is acting in his individual and official capacity

1. a.

(vi) Defendant, M. Lamb, is a citizen of Hutchinson, Kansas and is employed as Corrections Counselor. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. M. Lamb was/is acting in his individual and official capacity.

(vii) Defendant, Joshua Pettay, is a citizen of Hutchinson, Kansas and is employed as Sergeant. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Joshua Pettay was/is acting in his individual and official capacity.

(viii) Defendant, C. McGehee, is a citizen of Hutchinson, Kansas, and is employed as Corperal. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. C. McGehee was/is acting in her individual and official capacity.

(ix) Defendant, G. Riemann, is a citizen of Hutchinson, Kansas, and is employed as Unit Team Supervisor. At the time the claims alleged in this complaint

1. b.

arose, this defendant was yes, acting under the color of state law. G. Riemann was/is acting in his individual and official capacity.

(x) Defendant, C. Schneider, is a citizen of Hutchinson, Kansas and is employed as Unit Team. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. C. Schneider was/is acting in his individual and official capacity.

(xi) Defendant, Mr. Chick, is a citizen of Hutchinson, Kansas, and is employed as Lieutenant. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Mr. Chick was/is acting in his individual and official capacity.

**Additional** defendants are listed (a) thru (i) below that Plaintiff wishes to add to his complaint.

a. Defendant, Douglas W. Burris, is a citizen of Topeka, Kansas, and is employed as Secretary of Corrections Designee. At the time the claims

1.c.

alleged in this complaint arose, this defendant was yes, acting under the color of state law. Douglas W. Burris was/is acting in his individual and official capacity.

b. Defendant, Jon Graves, is a citizen of Hutchinson, KS, and is employed as Administrative counsel. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Jon Graves was/is acting in his individual and official capacity.

c. Defendant, Debra Lundry, is a citizen of Hutchinson, KS, and is employed as RN Health Service Administrator. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Debra Lundry was/is acting in her individual and official capacity.

d. Defendant, T. Brown, is a citizen of Hutchinson, KS, and is employed as Unit Team Supervisor. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. T. Brown was/is acting in her individual and official capacity.

e. Defendant, W. Dusseau, is a citizen of Hutchinson, KS, and is employed as Unit Team Supervisor. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of State law. W. Dusseau was/is acting in his individual and official capacity.

F. Defendant, G. Sheridan, is a citizen of Hutchinson, KS, and is employed as Unit Team. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. G. Sheridan was/is acting in his individual and official capacity.

g. Defendant, Ms. Newkirk, is a citizen of Hutchinson, KS, and is employed as Unit Team. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of State law. Ms. Newkirk was/is acting in her individual and official capacity.

h. Defendant, Mr. Guillam, is a citizen of Hutchinson, KS, and is employed as Sergeant. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of State law. Mr. Guillam was/is acting in his individual and official capacity.

3.

1. Defendant, Ms. Shrader, is a citizen of Hutchinson, KS, and is employed as Unit Team Supervisor. At the time the claims alleged in this complaint arose, this defendant was yes, acting under the color of state law. Ms. Shrader was/is acting in her individual and official capacity.

**2.** That Plaintiff wishes to correct mistakes in his original complaint and place all incidents in chronological order from date to date.

   a. Grievance No. BA00016439

On 10-11-2011 Plaintiff sent canteen a form 9 requesting that his canteen be delivered to the segregation unit where he was now housed. Unit team C. Schneider answered the form 9 along with canteen, advising Plaintiff that his canteen would be returned and his money refunded. On several occasions before 10-19-2011 Plaintiff requested hygiene from officers, unit team C. Schneider, G. Riemann and manager T. Williams. Each Defendant that Plaintiff spoke with, informed him that since he was not indigent Plaintiff would not be able to receive any indigent hygiene supplies. On 10-19-2011 Plaintiff filed a grievance against the Defendants. On 10-21-2011, Defendant G. Riemann answered Plaintiff's grievance without addressing the issue of hygiene but Defendant claims that them (hygiene) items are allowed.

On 10-24-2011 Plaintiff response to CCII G.
Riemanns answer and sent attachments to the
Warden, Sam Cline, where on 11-10-2011 Mr. Clines
only concern was the money taken from Plaintiff's
account and never once mentions the issue of
Plaintiff being allowed hygiene. On 11-30-2011
Plaintiff sends his complaint to the Secretary of
Corrections along with a response from the answer
given by Sam Cline, Warden. On 12-8-2011 the
Secretary's designee, Douglaw W. Burris rubber
stamps an Appeal Response.

Plaintiff believes that the practice that he was
subjected to, violated his Eighth Amendment Right
from Cruel and Unusual Punishment. The practice
was not an established policy and being denied
basic hygiene supplies for a month Plaintiff
believes would be a violation, Despain v. Uphoff,
264 F.3d 965 (10th Cir. 2001) see also Gillis v. Litscher,
468 F.3d 488 (7th Cir. 2006). In Gregg v. Georgia,
428 U.S. 153, 169-173, 49 L.Ed.2d 859, 96 S.Ct 2909
(1976), the court discuss crule and unusual
punishment by making a constitutional prohibition
and held that the Eighth Amendment proscribes
more than physical barous punishment. see also
Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d 251,
97 S.Ct. 285 (1976).

b. Grievance No. BA00016534

Between 11-22-2011 and 1-28-2012 Plaintiff
requested assistance from unit team M. Lamb
on several form 9's. Most of these form 9's

5.

were never answered nor returned, and only a few that Plaintiff could place as evidence was attached to the grievance submitted. On 1-29-2012 Plaintiff files a grievance against unit team M. Lamb for being prejudice against Indians and Mexicans. On 2-1-2012 CO1 C. McGehee files a disciplinary report against Plaintiff for Battery and Attempted Assault. On 2-15-2012 unit team Ms. Schrader finally answers Plaintiffs grievance assuring him that unit team counselors do not have staff members go after inmates for filing a complaint. On 2-18-2012 Plaintiff responds to CC II Ms. Schraders answer, and send it to the Warden, Sam Cline. On 2-17-2012 CO1 C. McGehee works in A2 where Plaintiff is house and calls him names that are prejudicial to Indians. On 3-2-2012 Sam Cline, Warden answers Plaintiffs response saying that Plaintiff had not provided hard evidence. At no time did Defendant Sam Cline, Warden mention CO I C. McGehees behavior from 2-17-2012. On 3-8-2012 Plaintiff sent his response to the Secretary of Corrections where on 3-13-2012 Douglas W. Burris again rubber stamp an answer acting as Secretary Designee.

Plaintiff believes that he did not receive Equal Protection under the Fourteenth Amendment when Defendants discriminated against him because of his race, Santiago v. Miles, 774 F. Supp. 775 (W.D.N.Y. 1991).

6.

c. Grievance No. BA00016533.

On 2-1-2012, 2-6-2012, 2-7-2012 and 2-8-2012 Plaintiff filed a Emergency Grievances to obtain his property while in Segregation on the disciplinary report written by COl C. McGehee because Plaintiff had deadlines on an Appeal against Sam Cline, Warden. Plaintiff was told by Segregation officers that unit team, Major Reeves and Sam Cline had implemented a new policy in Segregation. CC ll C. Schneider answered Plaintiff on 2-8-2012 explaining the reason for the new policy was to reduce lost property and property claims. Property also claimed that they had given Plaintiff all his legal property. On 2-9-2012 Plaintiff responds to CC ll C. Schneider answer and send it to Sam Cline, Warden. On 2-14-2012, 2-16-2012 and 2-20-2012 Plaintiff sent CC ll G. Riemann form 9's request his property. On 2-22-2012 Plaintiff sent property CSl J. Pettay a form 9 requesting his property. On 2-28-2012 Plaintiff sent major Reeves a form 9 requesting his property. On 2-27-2012 Sam Cline, Warden responds to a correspondence that Plaintiff had sent to him and Defendant in his response admits to the policy. On 3-3-2012 Plaintiff receives a response from Defendant Sam Cline, Warden, who admits to making a new policy that has not been approved nor put into effect by the secretary of Corrections. On 3-8-2012 Plaintiff send his response to the Secretary of Corrections

where on 3-13-2012 the Secretary Designee,
Douglas W. Burris again rubber stamped his
answer without an explanation.
        Plaintiff believes not only was the Fifth,
Fourteenth Amendments of Due Process violated
but also the First Amendment of the Right to
use the court system. The procedure that
Defendants used was not fair nor was it
promulgated, Brown v. Plaut, 131 F.3d 163
(D.C. Cir. 1997) see also Allah v. Seiverling, 229
F.3d 220 (3rd cir 2000). Plaintiff believes that
when Defendants make policies that are not
promulgated they can cause irreparable harm,
Schuyler v. Roberts, 285 Kan. 677(2008).


d. Grievance No. BA00016574
        Plaintiff believes that when filed a grievance
against CSI J. Pettay on 5-1-2012 is when officer Pettay
started retaliating againts Plaintiff. Plaintiff also
believes that the retaliation started to intensify at
this point. CSI Mr. Guillam was the officer who wrote
up Plaintiff for having drum sticks. On 5-3-2012 unit
team Sheridan answered Plaintiffs grievance. On
5-8-2012 DW Ms. Larson answered the grievance in
place of Sam Cline and on 5-11-2012 Plaintiff sent
everything to be review by the Secretary of Corrections.
On 5-16-2012 the Secretary Designee, Douglas W. Burris
again rubber stamps his answer without an explanation.
        Plaintiff believes at this point Defendants were
harassing and retaliating against him, Smith v.
Maschner, 899 F.2d 940 (10th Cir. 1990).

8.

e. Grievance No. BA00016598

On 2-14-2012 Plaintiff request the use of his forced savings to pay for certified copies for filing his Appeal. It was returned as denied by DW B. Larson. On 5-24-2012 Plaintiff again tried to use his forced savings to make copies of his brief For Appeal No. 12-107898-A to the Kansas Appeals Court. Plaintiff was denied and filed a grievance on 5-25-2012. Plaintiff has provided evidence attached hereto at each and every attempt with the courts to resolve the issue of copies. On 5-31-2012 Unit team G. Sheridan informs Plaintiff that he needs to budget his money for these types of expenses. Not once did Unit Team G. Sheridan offer no solution that Plaintiff could meet to provide copies for the Court. On 6-9-2012 Deputy Warden Berry Larson sends her answer and not once offers a solution and only agrees with Unit Team G. Sheridan. On 6-26-2012 Plaintiff sends his response to the Secretary, where Designee, Douglas W. Burris again rubber stamps his answer without an explanation.

Plaintiff believes that since he had already filed several grievances, property claims, and K.S.A. 60-1501's challenging disciplinary convictions that DW B. Larson and UT G. Sheridan denied him access to the courts by using established policies that hinder an inmate like Plaintiff from going any further in the courts, Turner v. Safley 482 U.S. 78, 96 L.Ed.2d 64, 107 S.Ct. 2254 (1987).

9.

From the standing point and position that
Plaintiff was in, Unit team 6. Sheridan and
Deputy Warden Berry Larson used the policy as
a wedge for Plaintiff to chose between
purchasing hygiene supplies and stamps. If
Plaintiff chose to spend all his monies on filing,
copying of his legal documents he still would
not been able to meet the requirements from
the court. Myers v. Hundley, 101 F.3d 542 (1996).
Plus Plaintiff would had done without basic
hygiene supplies.

     Plaintiff had just been released from
privilege restriction and disciplinary segregation.
While on these two status Plaintiff was only
allowed to spend $10.00 a month and Plaintiff
believes that Defendants use these status
to restrict inmates from accessing the court
system. Plaintiff had to chose between
purchasing hygiene, stamps, envelopes, paper,
pens or making copies and filing fees.

     The current policy allows an inmate to
become indigent under $12.00 a month but only
allows an inmate to spend $10.00 a month while
on restriction and disciplinary segregation.
On level one (I), an inmate is allowed to spend
up to $40.00 a month but are not able to utilized
the current policy because he/she would not be
considered indigent status. Plaintiff points
out that the changing of these policies
would have a minimal cost if any to the Kansas
Department of Corrections.

Plaintiff also believes that DW B. Larson and
UT G. Sheridan did this in retaliation for Plaintiff
trying to exercise his right to the court. Smith
v. Maschner, 899 F.2d 940 (10th Cir. 1990)., Beercheide
v. Suthers, 286 F.3d 1179 (10th Cir. 2002)., Gluth v. Kangas,
951 F.2d 1504 (9th Cir. 1991)., Allen v. Sakai, 40 F.3d
1001 (9th Cir. 1994)., Johnson v. Parke, 642 F.2d 377
(10th Cir. 1981); Bounds v. Smith, 430 U.S. 817, 52
L.Ed.2d 72, 97 S.Ct. 1491 (1977)., Lewis v. Casey,
518 U.S. 343, 135 L.Ed.2d 606, 116 S.Ct. 2174 (1996).
Plaintiff believes that all these case laws are
important to proving that these Defendants
denied him the access to the court.

F. Grievance No. BA00016666
On 3-24-2012 CSI N. Guillam files a
disciplinary report against Plaintiff for contraband
in possession of a drum sticks from the religious
callout. Plaintiff on 3-30-2012 explain to hearing
officer Lt. Chick that it was not contraband but
taking without permission. Plaintiff also points
out that he receive the sticks from Unit Team
Nichols who is also in the same unit team office
as M. Lamb. Plaintiff was convicted of the violation
and appealed to the Secretary of Corrections where
Plaintiff informed that he was afraid that staff
would retaliate against the Native American Callout
and make a dangerous environment for himself.
On 4-19-2012 and 4-25-2012 Plaintiff request to
be transfered because he felt the danger to be

11.

real. Plaintiff's Appeal was denied by the Secretary of
Corrections and Plaintiff filed a K.S.A. 60-1501
Writ of Habeas Corpus in Reno County, Kansas. On
5-21-2012 Plaintiff points out to the Court that
Defendants had made a dangerous environment
for him and had retaliated against the Native
American members of the callout. On 6-21-2012
Judge Joseph L. McCarville denies all relief to
Plaintiff. On 6-30-2012 while eating his evening
meal Plaintiff was attacked and brutally beaten
by two inmate members of the Native American
callout. Plaintiff was sent to the clinic and placed
in a ISO cell for observation of the injuries he
sustained. On 7-3-2012 and 7-11-2012 Plaintiff
contacted Administrative counsel, Jon Graves but
counsel was of no help to Plaintiff. On 7-22-2012
Plaintiff sent a Form 9 requesting transfer and a
grievance expressing that he did not wish to return
back to general population. Plaintiff even spoke with
Segregation officers and was told that only Unit Teams
control facility transfers. Officers informed Plaintiff
that if he did not move that he would receive a
disciplinary report for Disobeying Orders. On
7-29-2012 as a last resort, Plaintiff sent Administrative
counsel, Jon Graves another correspondence voicing
his concerns. On 7-30-2012 over Plaintiffs objections
he was released back out to general population
and housed next door to one of the inmates who
had battered him. On 7-31-2012 while eating his
breakfast, Plaintiff was again brutally attacked

by another inmate, and Unit Team W. Dusseau answers Plaintiff's grievance but doesn't provide any help to Plaintiff. On 8-2-2012 Plaintiff sends his response to Sam Cline, Warden who on 8-13-2012 advises Plaintiff to work with Unit team for realistic options for safe and appropriate housing. On 8-15-2012 Plaintiff sends his response to the Secretary of Corrections where Douglas W. Burris, Designee again rubber stamps his response without giving an explanation to the real issues involved.

Plaintiff believes that he was subjected to Cruel and Unusual Punishment and that Defendants were Deliberate in their actions, Farmer v. Brennan, 511 U.S. 825, 128 L.Ed.2d 811, 114 S.Ct. 1970 (1994). Plaintiff believes that Defendants knew of the danger and knew that they were violating a well establish right, Anderson v. Creighton, 483 U.S. 635, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987). Plaintiff believes that when Defendants housed him next door to one of the inmates who had battered him, that their actions were not related to a legitimate penological objective and put Plaintiff in a serious risk of harm, Washington v. State, 17 Kan App. 2d 518 (839 P.2d 555) 1992. Plaintiff believes that Defendants acted with callous indifference because the incident complained of was not a single or isolated attack, Davidson v. Cannon, 474 U.S. 344, 88 L.Ed.2d 677, 106 S.Ct. 668 (1986).

13.

9. Grievance No. BA00016665

On 6-30-2012 Plaintiff was brutally beaten by two inmates and placed in a Iso cell. On 7-5-2012 Plaintiff was sent to the Administrative Segregation and on 7-8-2012 Plaintiff was sent to disciplinary segregation before his hearing was held. On 7-12-2012 Defendant, CSI J. Pettay brings Plaintiff some of his legal property. On 7-16-2012 CSI J. Pettay brings a paper and sats it on Plaintiff's cell door without saying a word and leaves. On 7-16-2012 after Plaintiff reads the paper decides to file a property claim (which was denied on 8-15-2012 and filed an appeal to the Joint Committee on Special Claims against the State which was denied on 12-13-2012) and a grievance. Plaintiff also filed property claims on other items that were missing from his property. The paper that CSI J. Pettay put on Plaintiff's cell door was preapproved by Defendant Sam Cline, Warden. On 7-27-2012 Defendant W. Dusseau answers Plaintiff's grievance claiming that J. Pettay verbally informed Plaintiff on 7-12-2012 and on 7-16-2012 gave Plaintiff another opportunity of how he wanted his T.V. disposed of. On 7-28-2012 Plaintiff sends his response to Defendant Sam Cline explaining that Kenneth Wade #101313 overheard J. Pettay's and Plaintiff's conversation and that inmate James Dean #52501 witness J. Pettay put a piece of paper on Plaintiff bars without saying a word and leave. Both these inmates were Plaintiff's neighbor. On 8-3-2012 Defendant T. Brown answers Plaintiff's property claim without a full investigation and not once speaks with

14.

Plaintiff's neighbors. Plaintiff pointed out that
he had originally filed a grievance against Defendant
J. Pettay on 5-1-2012. On 8-6-2012 J. Pettay
brought Plaintiff some of his property and informed
him that some of his property was missing. On
8-13-2012 Plaintiff received an answer back
from Sam Cline on his grievance and on 8-15-2012
Plaintiff sends a response to the Defendant,
Douglas W. Burris, Secretary's Designee. On 8-21-2012
Plaintiff request to be brought to Property to find out
exactly what property was missing. On 8-23-2012
J. Pettay informs Plaintiff that Defendant Major
Reeves denies him going to property. On 8-25-2012
Plaintiff receives response back from Defendant,
Douglas W. Burris, Secretary's Designee and again
rubber stamps his response without an explanation
to the issued involved. On 8-26-2012 Plaintiff
sends a form 9 asking Defendant, J. Reeves, Major,
why he was denied access to property and on 8-29-2012
J. Reeves answers by saying that he will not
allow no inmates going to property to go through
to find out what items are missing. On 8-29-2012.
Plaintiff contacts Unit team S. Suro to get all his
Administrative property. On 8-31-2012 Plaintiff
sends a form 9 to Defendant T. Williams asking
why does he have to wait to get his Administrative
property until officer Mr. Pettay comes back from
vacation. On 9-5-2012 T. Williams explains that
because Plaintiff has had property issues and
that is the reason why he has to wait. On
9-6-2012 Defendant, J. Pettay brings Plaintiff

15.

some of his property and notice several grievances (ones written against J. Pettay) missing along with his photo album. Plaintiff ask J. Pettay if that was all his property and on 9-7-2012 J. Pettys response is yes. On 9-10-2012 inmate Leslie Keith #78879 is allowed to go to property to go through his stuff and is escorted by J. Pettay. On 9-25-2012 while delivering some property to Plaintiff's neighbor (inmate Shawn McDiffett #51141) Plaintiff again ask Defendant J. Pettay if his property was in property. J. Pettay assures Plaintiff that he has no more property. Plaintiff then shows Defendant that he has filed property claims and has Unit Team Manager Mr. Jackson investigating the claim who is planning on going to property personally to find out if Plaintiff has any more property in property. About 30 minutes later Defendant, J. Pettay, Property officer, comes back with the missing property.

        Plaintiff believes that he was clearly being harass and retaliated against, Smith v. Maschner, 899 F.2d 940 (10th Cir. 1990). Plaintiff believes while he was exercising the First Amendment right for redress he was being retaliated against by Defendants, Grossman v. Werholtz, 264 Kan. App. 3d 1060 (2011), See also Bloom v. FNU Arnold, 45 Kan. App. 2d 225 (2011).

        Plaintiff believes even the postdeprivation remedies has failed to grant him relief thus far

and that Defendants actions are more than just abuse of power, Daniels v. Williams, 474 U.S. 327, 88 L.Ed.2d 662, 106 S.Ct. 662 (1986), see also Parratt v. Taylor, 451 U.S. 527, 68 L.Ed.2d 420, 101 S.Ct. 1908 (1981).

Plaintiff believes that the procedure Defendant's applied at each and every stage can be manipulate. Since the postdeprivation remedies did not satisfy due process where a deprivation of Plaintiff's property was caused by the conduct pursuant to an established state procedure, rather than a random and unauthorized action, Hudson v. Palmer, 468 U.S. 517, 82 L.Ed.2d 393, 104 S.Ct. 3194 (1984), see also Logan v. Zimmerman Brush Co. 455 U.S. 422, 71 L.Ed.2d 265, 102 S.Ct. 1148 (1982).

Plaintiff believes that Defendants actions were of a great indifference that it offended the evolving standards of decency in violation of the Eighth Amendment and that the evidence attached hereto are an example of that deliberate indifference, Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d 251, 97 S.Ct. 285 (1976).

h. Grievance No. BA00016759

On 6-30-2012 and 7-31-2012 Plaintiff was brutally beaten by inmates on both occasions and between that time to date Plaintiff has been seeking medical attention from his injuries sustained. At each and every attempt to medical attention Plaintiff receives a charge but Correct Care Solutions does not follow up

17.

with treatment nor schedule appointments
for treatment that has been recommended.
Plaintiff is forced to resubmit healthcare
request forms and on 9-23-2012 files a
grievance. On 9-27-2012 Defendant, Debra
Lundry, RN, Health Service Administrator
agrees with the HCP without seeing the
Plaintiff herself and believes Plaintiff
symptoms are an ongoing allergy problem
and are not from the head injuries
 suffered in the brutal beatings. On
several occasions Plaintiff has resubmitted
request about symptoms yet CCS has let
his allergy medications run out without
renewal and never scheduled appointments
for follow up to his condition. On 10-1-2012
Plaintiff sends his response to Defendant,
Sam Cline, Warden, explaining his symptoms
and the type of treatment he is not receiving.
On 10-17-2012 Defendant, Berry Larson, DW,
answers Plaintiffs response by stating
that she support CCS's decision in not
treating the symptoms at all. On 11-2-2012
Plaintiff submits his response to the Secretary
of Corrections and on 1-9-2013 and 1-10-2013
Plaintiff is trying to locate his appeal
from Mr. Ross who lies and give excuses
for the reason of the delay. On 2-20-2013
Plaintiff is seen by the Department Physician
who ordered an outpatient request with

an audiologist and it it also the same day
that Defendant, Douglas Burris, Secretary's
Designee answers Plaintiff grievance.

Plaintiff points out that as of
today 4-17-2013 he still has not seen a
audiologist and CCS has not done any
follow ups concerning his head injury and
symptoms. Plaintiff does admit that the
only time he received alittle medicial
attention was when his grievance was
pending.

Plaintiff believes that he cannot
prevail on this issue because prison medical
staff are only following a Physicians
orders, Perkins v. Lawson, 312 F.3d 872(2002)
but ask the court to look at the factors of;
whether the condition significantly affects
Plaintiffs daily activities; whether a
reasonable doctor would consider the need
worthy of treatment and if Plaintiff has
chronic serious pain which the court will
never know because CCS will not do follow
ups to determine this, Brock v. Wright
315 F.3d 158 (2003).

Plaintiff believes he has shown that
he has a serious medical need that is not
being attend to and that Defendants are
showing a deliberate indifference by not
attending to those needs which may cause
irreparable harm untreated, Estelle v. Gamble,
429 U.S. 97, 50 L.Ed.2d 251, 97 S.Ct. 285 (1976).

19.

Plaintiff also points out that he has had to fight by submitting a request over and over for the same issue and yet all these months later still hasn't been fully treated for all his symptoms, Barney v. Pulsipher, 143 F.3d 1299 (1998).

Plaintiff believes everything that he has been subjected to in this complaint that all these conditions adds up to create an overall effect that is unconstitutional, Palmer v. Johnson, 193 F.3d 346 (1999)., see also Wilson v. Seiter, 501 U.S. 294 (1991).

3. That Plaintiff's complaint should not be dismissed for failer to state a claim and just because it is hand-written it should not be held to the same standards of those drafted by lawyers, Cooper v. Pate, 378 U.S. 546, 12 L.Ed. 2d. 1030, 84 S.Ct. 1733 (1964), see also Haines v. Kerner, 404 U.S. 519, 30 L.Ed. 2d 652, 92 S.Ct. 594 (1972), Cruz v. Beto, 405 U.S. 319 (1972).

## REQUEST FOR RELIEF

Plaintiff first request the court to grant summary judgment in his favor

20.

so Plaintiff can proceed to Discovery pursuant to Federal Rules of Civil Procedure Rule 26.

Plaintiff believes he should be granted Summary Judgment Fed. Rules. Civ. Pro., Rule 56 because the evidence and affidavits clearly can draw a reasonable inference, Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.ct 2505(1986), Plaintiff are not trying to take any shortcuts and view Summary Judgment as a tool that is designed to secure a just, speedy and inexpensive determination of this action, Celotex Corp. v. Catrett, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.ct 2548(1986).

Plaintiff also seeks Preliminary Injuction until the court determines that a Permanent Injuction is needed. Plaintiff seeks Preliminary Injuction concerning his safety from inmates who brutally beat him and from staff who harassed and retaliated against him. Plaintiff also seeks Preliminary Injuction for policies that prevent him from receiving his legal papers, case laws and cases pending. Plaintiff also seeks a Preliminary Injuction from IMPP's (Internal Management Policy and Procedure) that hinder him from access to the court system like IMPP 04-103 and 12-127.

Plaintiff lastly seeks Punitive damages from each Defendant in the amount of #15,000.00 for his or her role in the violation of Rights guaranteed by the United States Constitution. Plaintiff also seeks Exemplary damages from each Defendant in the amount of #10,000.00 as a warning to other staff members employeed by the Kansas Department of Corrections who condone this type of behavior. Plaintiff also seeks Compensatory damages from each Defendant in the amount of #5,000.00 to counterbalance the infliction, harassment, and retaliation Plaintiff suffered by each Defendant, and any other relief this court or jury might award to Plaintiff for Defendants cruel behavior.

<u>adrian M. Requena</u>
Signature of Plaintiff

22.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares, verifies under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

Executed at _____

On _____ day of the _____ month of, 20

_____
Adrian M. Reguera
Signature of Plaintiff

23.