IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ADRIAN M. REQUENA,

                **Plaintiff**,

      v.                            CASE NO. 13-3043-SAC

WENDY NEWKIRK, MICHAEL CRANSTON,
and LEVON CROTTS,

                **Defendants**.

**O R D E R**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, proceeding pro se, commenced this action while he was a prisoner in state custody.[1]

On March 31, 2016, the Court dismissed this matter. On appeal, the U.S. Court of Appeals for the Tenth Circuit remanded this matter on plaintiff's claim that his Eighth Amendment rights were violated by the failure of defendants Newkirk, Cranston, and Crotts to protect him from a beating that took place on June 30, 2012. *Requena v. Roberts*, 893 F.3d 1195 (10th Cir. 2018).

On January 7, 2019, the U.S. Supreme Court denied the petition for writ of certiorari filed by petitioner. *Requena v. Roberts*, 139 S.Ct. 800 (Mem.) (Jan. 7, 2019).

The Court enters the present order to direct service of process, to order the preparation of a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and to address a number of motions filed by the plaintiff.

---

[1] Plaintiff has notified the Court of his release from custody.

**Motion to appoint counsel (Doc. 44)**

Plaintiff moves for the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court declines to appoint counsel at this point in this matter. It appears that plaintiff is able to present his claims, and it is not yet clear how complex the relevant issues of law and fact may be. If it becomes apparent that the appointment of counsel is needed in this matter, the Court will reconsider this request.

**Motion for leave to discover witnesses, subpoena witnesses for deposition and/or for interrogatories (Doc. 45) and Motion for issuance of subpoena (Doc. 48)**

Plaintiff requests discovery in these motions. Because the

Court, elsewhere in this order, directs the preparation of a report pursuant to *Martinez v. Aaron*, the Court will deny these motions without prejudice. The purpose of the *Martinez* report is to provide a written response by prison officials to a prisoner's allegations, supported by affidavits and internal reports. As plaintiff will be provided with documents relevant to his claim upon the filing of the report, it is the practice of the Court to stay discovery pending the preparation and service of the *Martinez* report, which may require some or all of the material sought by plaintiff. After that report has been filed, plaintiff may renew his requests for discovery.

**Motion for leave to reissue previous issuance of summons (Doc. 47)**

Plaintiff seeks the issuance of summons on defendants Newkirk, Cranston, and Crotts. As part of its order in this matter, the Court will direct the service of the complaint upon these defendants pursuant to the agreement for electronic service between the Kansas Department of Corrections and the District of Kansas. To the extent plaintiff requests service, the motion is granted.

**Motion for summary judgment (Doc. 49)**

Plaintiff moves for summary judgment based upon the order of remand in this matter. Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this point, the plaintiff is not entitled to summary judgment on his claim of an Eighth Amendment violation. Rather, a response to that claim is directed in this order, and the parties will have the opportunity to present their positions through their pleadings and exhibits. Plaintiff's motion for summary judgment is

premature and will be denied.

**Motion for leave to file correct caption (Doc. 51)**

Plaintiff moves the Court to modify the caption to show defendants Newkirk, Cranston, and Crotts as the defendants in this matter. The motion is granted.

**Motion for leave to file supplemental complaint (Doc. 52)**

Plaintiff moves for leave to file a supplemental complaint under Fed. R. Civ. P. 15(d). Rule 15(d) states that "[o]n motion and reasonable notice the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Court has considerable discretion in deciding whether to allow a supplemental pleading. *Walker v. United Parcel Serv. Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

The Court has reviewed the supplemental complaint and denies the motion. Plaintiff previously has filed two amended complaints and numerous exhibits in this matter, and the material he presents in the proposed supplemental proceeding does not appear to be material that was not available earlier or that is closely related to the limited issue identified upon remand, namely, whether the defendants violated the Eighth Amendment by failing to adequately protect plaintiff from harm from other prisoners.

**Motions for leave to submit evidence (Docs. 53, 54, 57) and Motion for leave to continue submission of evidence (Doc. 56)**

In these motions, plaintiff attempts to add material to the record which is unrelated to the claim on remand. While plaintiff may pursue new claims in a new action, he offers no reason why this material is properly considered in this action. These motions are denied.

## The *Martinez* Report

The Court finds that the proper processing of plaintiff's claim alleging a violation of the Eighth Amendment cannot be achieved without additional information from officials of the Hutchinson Correctional Facility (HCF). *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court will direct officials of the HCF to prepare and file a *Martinez* report.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to appoint counsel (Doc. 44) is denied.

IT IS FURTHER ORDERED plaintiff's motion for leave to discover witnesses, subpoena witnesses for deposition and/or for interrogatories (Doc. 45) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for leave to reissue previous issuance of summons (Doc. 47) is liberally construed as a motion for service and is granted as set forth herein.

IT IS FURTHER ORDERED plaintiff's motion for issuance of subpoena (Doc. 48) is denied without prejudice.

IT IS FURTHER ORDERED plaintiff's motion for summary judgment (Doc. 49) is denied.

IT IS FURTHER ORDERED plaintiff's motion for leave to file correct caption (Doc. 51) is granted. The clerk of the court shall modify the caption to identify the defendants as Wendy Newkirk, Michael Cranston, and Levon Crotts.

IT IS FURTHER ORDERED plaintiff' motion for leave to file supplemental complaint (Doc. 52) is denied.

IT IS FURTHER ORDERED plaintiff's motions for leave to submit evidence (Docs. 53, 54, and 57) and motion for leave to continue

submission of evidence (Doc. 56) are denied.

IT IS FURTHER ORDERED:

(1) The clerk of the court shall serve defendants Newkirk, Cranston, and Crotts under the e-service pilot program in effect with the Kansas Department of Corrections (KDOC).

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have sixty (60) days to prepare the *Martinez* report. Upon the filing of that report, the Kansas Attorney General shall have an additional sixty (60) days to answer or otherwise respond to the complaint.

(3) Officials responsible for the operation of the HCF are directed to undertake a review of the subject matter of the claim:

   (a) To ascertain the facts and circumstances; and
   (b) To consider whether any action can and should be taken by the institution to resolve the subject matter of the claim.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on plaintiff. The KDOC must seek leave of the Court if it wishes to file any exhibit or portion of the report under seal or without service on plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to plaintiff's claim also shall be included.

(5) Authorization is granted to officials of the HCF to interview all witnesses having knowledge of the facts, including plaintiff.

(6) No answer or motion addressed to the complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by plaintiff is stayed until plaintiff has received and reviewed defendants' answer or response to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

IT IS FURTHER ORDERED that the Clerk of the Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to the parties and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 25th day of March, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge